IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| STACEY BAILEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FAIRFAX COUNTY VIRGINIA, )<br>)<br>Defendant. ) | CASE NO. 1:10-cv-1031 |

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Defendant Fairfax County, Virginia's Motion for Summary Judgment. This case concerns the sexual harassment hostile work environment claims of Plaintiff Stacey Bailey, who was employed as a firefighter by the Fairfax County Fire and Rescue Department ("FRD"). There are three issues before the Court. The first issue is whether the Court should strike evidence upon which Plaintiff relied in opposition to Defendant's Motion for Summary Judgment that was not properly disclosed, or was not properly used in support of an opposition to a motion for summary judgment, under the Federal Rules of Civil Procedure. The second issue is whether the Court should grant Defendant's Motion for Summary Judgment as to Plaintiff's purported § 1983 claim for retaliation in violation of her right to equal protection because a claim of retaliation is not cognizable under the Equal Protection Clause, and Plaintiff does not oppose the Motion as to this claim. The third issue is whether the Court should grant Defendant's Motion for Summary Judgment as to Plaintiff's § 1983 claim for sexual harassment under a theory of hostile work environment because Plaintiff has failed to establish that the County had a policy, usage, or custom that was the moving force behind her constitutional violation. As stated in open Court on Friday, June 3, 2011 and as further memorialized below,

the Court holds that Plaintiff's evidence that was not properly disclosed during discovery is stricken, and Defendant's Motion for Summary Judgment as to Plaintiff's entire Complaint is granted.

1. <u>Preclusion of Exhibits</u>

The Court precludes Plaintiff from using depositions, declarations, or documents in opposition to Defendant's Motion for Summary Judgment that were not properly disclosed or identified in discovery or that do not conform with the requirements of Federal Rule of Civil Procedure 56(c) to defeat summary judgment. Federal Rule of Civil Procedure 37(a) states that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e) the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(a). Moreover, Federal Rule of Civil Procedure 56(c)(1) mandates that a party asserting that a fact is genuinely disputed must support that assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). The evidence in support of the facts must be admissible. *See* Rule 56(c)(2), (4). Thus, hearsay evidence, inadmissible at trial, is likewise insufficient to support a motion for summary judgment. *Francisco v. Verizon South, Inc.*, 756 F. Supp. 2d 705, 713 (E.D. Va. 2010). Further, it is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment. *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993). "In order to authenticate a document, [Federal Rule of Evidence] 901 requires 'evidence sufficient to support a finding that the matter in question is

what its proponent claims.'" *Francisco v. Verizon South, Inc.*, 756 F. Supp. 2d 705, 715 (E.D. Va. 2010) (quoting Federal Rule of Evidence 901).

First, the Court precludes the evidence, including depositions, declarations, and documents, that were not properly disclosed or identified during discovery pursuant to the Federal Rules of Civil Procedure because Plaintiff failed to comply with her discovery and pretrial obligations under the Federal Rules of Civil Procedure. The rules are intended to prevent the type of surprise that occurred here. The Court rejects Plaintiff's argument that the violation of the discovery rules is harmless because the evidence was within Defendant's knowledge or possession, or that Defendant was otherwise put on notice of Plaintiff's use of such evidence, such as through its use in another case. These reasons are insufficient. To allow such justifications to excuse a violation of the rules would render the rules meaningless. The rules make clear parties' disclosure and supplementation obligations, and such obligations are specific to each case. Accordingly, Plaintiff is precluded from using the evidence she failed to properly disclose or identify pursuant to the Federal Rules of Civil Procedure.

Second, Plaintiff is precluded from using the evidence to which Defendant objected on the grounds that it does not conform with the requirements of Federal Rule of Civil Procedure 56(c), including Plaintiff's exhibits 18, 38, 39, 42, and 51.[1] Specifically, the Court precludes these exhibits because they are unsworn and unauthenticated and thus not properly considered on summary judgment because they constitute inadmissible evidence. The Court rejects Plaintiff's position that they are admissible because they are being offered to show that the County had notice of widespread sexual harassment in its fire department, and that the interviews are recordings of the investigations that the County conducted in its ordinary course of business.

---

[1] The Court does not preclude Plaintiff's use of Mary Bland's declaration, exhibit 45, because, contrary to Defendant's assertion, this declaration was properly sworn and, therefore, is properly used pursuant to Rule 56(c)(1)(A).

Written transcriptions or recordings of oral statements constitute hearsay because the document or recording is a statement being offered for the truth of the statements contained therein. While such statements may fall within the business records exception to the hearsay rule, that exception does not apply here because Plaintiff failed to properly demonstrate that the transcription or recording was created in the regular practice of the business. Further, even if this evidence would not be excluded as constituting inadmissible hearsay, the evidence is still excluded because Plaintiff failed to properly authenticate it pursuant to Federal Rule of Evidence 901. Accordingly, Plaintiff is precluded from using the evidence in support of her opposition to Defendant's Motion for Summary Judgment.

2. Retaliation Claim

The Court grants Defendant's Motion for Summary Judgment on Plaintiff's purported § 1983 retaliation claim because Plaintiff did not oppose the Motion as to this claim, and a claim for retaliation is not cognizable under the Equal Protection Clause. It is well settled that a claim of retaliation does not implicate the Equal Protection Clause. *Edwards v. City of Goldsboro*, 178F.3d 231 (4th Cir. 1999) (quoting *Watkins v. Bowden*, 105 F.3d 1344, 1354 (11th Cir. 1997)). Accordingly, because Plaintiff failed to oppose Defendant's Motion for Summary Judgment as to this claim, and a retaliation claim does not implicate the Equal Protection Clause, Defendant is entitled to summary judgment as to this claim as a matter of law.

3. Section 1983 Hostile Work Environment Claim

Finally, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's § 1983 sexual harassment claim because Plaintiff has failed to create a genuine dispute of material fact or establish as a matter of law that Defendant has a policy, custom, or usage that was the

moving force behind the alleged constitutional violation, and therefore, liability cannot be imposed on the County Defendant.[2]

Municipal liability for the constitutional violations of its employees results only when the municipality itself can be directly charged with fault for a constitutional violation, not through a theory of vicarious liability. *Spell v. McDaniel*, 824 F.2d 1380, 1386, 1387 (4th Cir. 1987). Thus, to establish municipal liability for a constitutional violation, a plaintiff must show that a municipality had a policy or custom that is (1) fairly attributable to the municipality as its own and (2) the moving force behind the particular constitutional violation. *See Spell*, 824 F.2d at 1387.

Municipal policy can be found in ordinances, regulations, and governing provisions that directly command or authorize constitutional violations and also in formal or informal policy choices or decisions of officials authorized to make such decisions. *Spell*, 824 F.2d at 1385-86. In this context, policy is defined as a "course of action consciously chosen from among various alternatives respecting basic [corporate] functions, as opposed to episodic exercises of discretion in the operational details of a municipality." *Id.* at 1386 (quotation omitted).

Training programs have been considered policies, such that liability may be imposed for deficient training programs. *Id.* at 1389. With respect to deficient training programs, a specific deficiency rather than a general laxness or ineffectiveness in training must be shown. Further, the deficiency or deficiencies must be such "as to make occurrence of the specific violation a reasonable probability rather than a mere possibility." *Id.* at 1390. In other words, the specific deficiency must be such that the specific violation is almost bound to happen, rather than merely

---

[2] Because § 1981 claims are enforced against state actors solely through the remedial provisions of § 1983, the dismissal of the § 1983 claim results in a dismissal of the § 1981 claim and, thus, Plaintiff's entire Complaint. *See Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995) (quoting *Jett v. Dallas Independent School District*, 491 U.S. 701, 733 (1989)).

likely to happen. *Id; see Brown v. Mitchell*, 327 F. Supp. 2d 615 (E.D. Va. 2004) (explaining that, to survive summary judgment on a claim based on a failure to train, a plaintiff must raise a triable issue of fact with respect to the following elements: (1) that the company's subordinates actually violated the victim's constitutional rights; (2) that the company failed to train the subordinates properly, demonstrating a deliberate indifference to the rights of the persons with whom the subordinates come into contact; and (3) that this failure to train actually caused the subordinates to violate the victim's rights).

In addition, municipal custom or usage may also serve to impose liability under § 1983. *Id.* The existence of such custom or usage may be found in "persistent and widespread practices of municipal officials" which, although not authorized by written law or policy, are so permanent and well-settled as to have the force of law or policy. *Id.*

Once a specific policy or custom has been identified, as stated above, this policy or custom must be attributable to the municipality as its own. An official policy may be attributable to a municipality if it is made by its governing body, or if it is made by a division or individual that has final authority to establish and implement the policy, either through delegation from the governing body or by conferral from a higher authority. *Id.* at 1387. A custom or usage may be attributable to a municipality when the duration and frequency of the practice is such that the governing body has actual or constructive knowledge that the practices have become customary among employees. *Id.* Actual knowledge may be demonstrated by recorded reports to, or discussions by, the governing body. *Id.* Constructive knowledge may be shown by the fact that the practices are so widespread or flagrant that, in the proper exercise of the official responsibilities, the governing body should have known of them. *Id.*

In addition to identifying a policy or custom that is directly attributable to the municipality, to impose liability on a municipality, a plaintiff must prove a causal connection between the policy and the constitutional violation. A policy or custom that is not itself unconstitutional must be independently proven to have caused the violation. *Spell*, 824 F.2d at 1387-88. To prove that a policy or custom caused the constitutional violation, a plaintiff must prove at least an "affirmative link" between the policy or custom and the violation. *Id.* at 1388. Proof merely that the policy or custom was likely to cause a particular violation is insufficient. *Id.* The evidence must prove that the causal connection was proximate and not merely "but for" causation-in-fact. *Id.* Notably, "[n]either the existence of such a policy or custom nor the necessary causal connection can be established by proof alone of the single violation charged." *Id.*

Here, Plaintiff cannot impute liability on the County because she has failed to adduce sufficient evidence showing that the County has a policy or custom that permits sexual harassment or a hostile work environment, or that the policy or custom was the moving force behind the alleged constitutional violation.

First, Plaintiff does not appear to assert the theory that Defendant had a written policy that caused the alleged constitutional violation. However, even if she was asserting that theory, the undisputed evidence shows that the County and the FRD had written policies that prohibit sexual harassment, and that there is a process for employees to report complaints of sexual harassment.

Second, Plaintiff failed to offer evidence that the County exhibited deliberate indifference towards her constitutional rights through a failure to train or inadequate training. The undisputed evidence shows that both the County and the FRD provide training on sexual harassment to all

employees. Statements that certain firefighters had not received training since recruit school or since 2002 are not evidence that FRD is deliberately indifferent to female employees' constitutional rights and do not create a dispute of material fact. Moreover, Plaintiff mischaracterizes testimony regarding Young's understanding of the harassment policy and otherwise fails to offer evidence of inadequate training that rises to the level of deliberate indifference. Thus, Plaintiff failed to establish that Defendant had a policy that caused any employee to violate Plaintiff's constitutional rights.

Third, Plaintiff failed to adduce sufficient evidence establishing that the County had a custom that was the moving force behind the alleged constitutional violation. As stated earlier, much of the evidence upon which Plaintiff relied in opposition to Defendant's Motion for Summary Judgment has been precluded from consideration. The remaining evidence does not create a general dispute of material fact and is insufficient to demonstrate the requisite persistent and widespread abuse necessary to establish the existence of a custom or usage. Plaintiff refers merely to isolated examples and does not provide evidence of widespread conduct. Specifically, except for one deposition statement by Daniel Thompson, stating that male firefighters won't support a woman being harassed for fear of being transferred, the remaining evidence supports assertions related only to particular individuals or incidents, not widespread, pervasive conduct. In fact, in the five years prior to the beginning of Plaintiff's alleged harassment, six females complained of sexual harassment, and all of these allegations were addressed. An unsupported opinion that these six investigations or disciplinary proceedings, or the relatively small number that have occurred since, should have been handled differently does not demonstrate widespread, deliberate indifference. Finally, even if Plaintiff had demonstrated a custom or usage, Plaintiff failed to establish the requisite causal link because she failed to offer evidence providing that the

causal connection was the proximate and not just the likely cause of the violation. Accordingly, the evidence is insufficient to demonstrate a custom or usage that was the moving force behind the alleged constitutional violations. Therefore, for these reasons and those stated in open Court, the Court grants Defendant's Motion for Summary Judgment.

Accordingly, it is hereby

ORDERED that Defendant's Motion for Summary Judgment as to Plaintiff's entire Complaint is GRANTED.

The Clerk is directed to enter judgment in favor of Defendant Fairfax County Virginia and against Plaintiff Stacey Bailey pursuant to Federal Rule of Civil Procedure 58. A separate Rule 58 Judgment Order will be entered with the Memorandum Opinion.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this 18th day of August, 2011.

Alexandria, Virginia
8/18/11

/s/
Gerald Bruce Lee
United States District Judge